UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ZEKE GENE DALTON,

    Petitioner,    Case No. 1:10-cv-723

v.    Honorable Janet T. Neff

SHIRLEE HARRY,

    Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Zeke Gene Dalton presently is incarcerated at the Pugsley Correctional Facility. Following a traffic collision killing one person and seriously injury another, Petitioner was charged with five counts: (1) operating a motor vehicle while intoxicated causing death, MICH. COMP. LAWS § 257.625(4); (2) operating a motor vehicle while intoxicated causing incapacitating injury, MICH. COMP. LAWS § 257.625(5); (3) operating a motor vehicle while license is suspended or revoked causing death, MICH. COMP. LAWS § 257.904(4); (4) operating a motor vehicle while license is suspended or revoked causing incapacitating injury, MICH. COMP. LAWS § 257.904(5); and (5) driving while failing to maintain security, MICH. COMP. LAWS § 500.2103. Petitioner pleaded *nolo contendere* in the Montcalm County Circuit Court to one count of operating a motor vehicle while intoxicated causing death, MICH. COMP. LAWS § 257.625(4), in exchange for dismissal of the other four counts. He was sentenced on November 26, 2008 to a prison term of 8 to 15 years.

Petitioner requested appointment of appellate counsel, which was granted. Appellate counsel filed a motion to correct invalid sentence or for resentencing under MICH. CT. R. 6.429, raising the same three, interrelated issues raised later on appeal in the state courts and in his federal habeas petition:

I. WHETHER THE DEFENDANT'S SENTENCE WAS INVALID BECAUSE IT WAS BASED ON INACCURATE INFORMATION, I.E., IMPROPER SCORING OF THE LEGISLATIVELY IMPOSED SENTENCING GUIDELINES, USE OF AN INCORRECT BURDEN OF PROOF, AND INSUFFICIENT FACTS; THEREFORE VIOLATING HIS DUE PROCESS RIGHTS?

II. WHETHER CORRECTLY SCORING THE GUIDELINES WOULD REQUIRE RESENTENCING?

III. WHETHER THE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL.

(Attach. to Pet., Page ID #55.) On August 31, 2009, the Montcalm County Circuit Court held a hearing on Petitioner's motion. (Tr. of 8/31/09 Hr'g, Attach. to Pet., Page ID ##17-42.) Petitioner was offered the opportunity to take the testimony of the attorney who represented him at sentencing, but he declined. (Page ID ##24-25.) At the end of the hearing, the Court rejected all of Petitioner's arguments, finding that the sentencing guidelines were properly scored and finding that the sentence was appropriate, even if Petitioner was correct about the guidelines scoring. (Page ID ##39-40.) The court also reviewed the history of the case, indicating that the plea agreement originally was subject to a sentencing agreement for a 4-year minimum sentence, which later was rejected by the court. The court advised Petitioner that it intended to impose the 8-year minimum sentence it subsequently imposed, and it provided Petitioner the opportunity to withdraw his plea. (Page ID ## 40-41.) Petitioner, however, elected to continue with his plea and accept the sentence to be given by the court. (Page ID #41.) The court further found that counsel had not been ineffective. (Page ID #41.)

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, which was denied for lack of merit on January 6, 2010. The Michigan Supreme Court also denied leave to appeal, on May 25, 2010. (Attach. to Pet., Page ID #16.) Petitioner filed the instant habeas petition on July 21, 2010.

## Discussion

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has

"drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

Petitioner's three claims for relief are interrelated. In his first ground, he contends that Offense Variable (OV) 9, OV 12 and OV 17 were incorrectly scored.[1] He argues that the scores were wrong under Michigan law and violated due process because they were based on inaccurate information. He also argues that the court made sentencing findings that were not based on admissions by Petitioner or jury determinations. In his second ground for relief, he asserts that he is entitled to resentencing as a result of the scoring errors. In his third ground, he argues that his attorney at sentencing was constitutionally ineffective.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir.

---

[1] In OV9, the guidelines assign points for the number of victims who were placed in danger. MICH. COMP. LAWS § 777.39. Petitioner was scored 10 points for placing 2-9 victims in danger of physical injury or death. In OV12, points are assigned for other contemporaneous felonious acts that will not result in separate convictions. MICH. COMP. LAWS § 777.42. Petitioner was scored 25 points under subsection (1)(a) for three or more contemporaneous felonious acts, based on the four felony charges that were dismissed in exchange for his plea. Finally, in OV17, points are scored based on the degree of negligence exhibited. Petitioner was scored ten points under subsection 1(a) for "wanton or reckless disregard for the life or property of another person."

2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447.

Petitioner's 8-year sentence clearly is not so egregious as to amount to a denial of due process. Further, although Petitioner argues that the facts found by the court at sentencing were either materially false or based on false information, he does not make any attempt to support his assertion. *Tucker*, 404 U.S. at 447. Instead, Petitioner simply argues that, on the facts before it, the sentencing court should have reached a different conclusion. Such a claim does not demonstrate that any information before the court was materially false and clearly fails to demonstrate the sort of egregious circumstances implicating due process. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

In an alternative argument, Petitioner argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using, to enhance his sentence, facts that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt. Petitioner bases his argument on the United States Supreme Court holding in *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge. Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant. The Supreme Court found that this scheme offended the Sixth Amendment, because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *and see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. Nov. 10, 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Therefore, the state court's determination of Petitioner's claim was not contrary to federal law clearly established by the United States Supreme Court or an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Because he cannot demonstrate that his sentence was unconstitutionally imposed, Petitioner is not constitutionally entitled to resentencing. His second ground for relief therefore is without merit. Moreover, as a factual matter, the trial court's findings make clear that, even had the court accepted Petitioner's sentencing arguments, it would have imposed the same sentence. Indeed, as scored by the court, the sentencing guidelines calculated a minimum sentence of 58 to 114 months. Accepting Petitioner's arguments about the scoring of all three offense variables would have resulted in a minimum range to 50 to 100 months. The trial court, however, did not sentence Petitioner at the bottom of the 58 to 114-month range. Instead, it imposed a minimum sentence of

8 years, or 96 months, well above the minimum and within both ranges. In addition, the court expressly stated that its 96-month sentence would have been the same, even if the lower sentencing range applied. (Attach. to Pet., Page ID #40.) As a result, any error in scoring was harmless.

In his third ground for relief, Petitioner argues that his sentencing attorney was ineffective in failing to object to the scoring of OV 9, OV 12 and OV 17. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. A claim of ineffective assistance of counsel presents a mixed question of law and fact. Accordingly, the Court must apply the "unreasonable application" prong of § 2254(d)(1). *See Barnes v. Elo*, 339 F.3d 496, 501 (6th Cir. 2003).

The trial court found that Petitioner had failed to identify any way in which counsel's performance was ineffective. (Page ID #41.) That factual determination is entitled to deference unless it was unreasonable on the facts or the law. *See* 28 U.S.C. § 2254(d). The trial court's finding was patently reasonable. The trial court addressed each of the arguments raised in the motion for resentencing and rejected each of the alleged scoring errors. That decision was affirmed by the state appellate courts. And this court has rejected Petitioner's constitutional claims. As a result, because the claims Petitioner wished to raise were meritless, sentencing counsel cannot be found to be deficient for failing to raise them. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010) (failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007) (same); *Chegwidden v. Kapture*, 92 Fed. Appx. 309, 311 (6th Cir. 2004).

Further, Petitioner cannot show the necessary prejudice. Given that the sentencing court heard and rejected the arguments that the sentencing attorney purportedly should have made, any failure to raise the claims was harmless. Moreover, because the sentencing court indicated its intent to impose the same sentence, regardless of the scoring, the failure to challenge the scoring of the sentencing variables had no impact on the length of Petitioner's sentence.

For all these reasons, Petitioner's claim of ineffective assistance of counsel is without merit.

## **Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: August 10, 2010         /s/ Janet T. Neff
                               Janet T. Neff
                               United States District Judge